Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 MAR -9 PM 2: 58

CLERK OF COURT

**IN THE SUPERIOR COURT OF GUAM**

MELONY JAMES CRUZ                    )        DOMESTIC CASE NO. # 0195-11
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        **PARTIAL FINDINGS OF FACT**
                                     )        **and CONCLUSIONS OF LAW**
                                     )
GREGORIO BLAS CRUZ. JR.              )
                                     )
                    Defendant.       )
_____)

This matter came on for Bench Trial before the HONORABLE JUDGE ELIZABETH BARRETT-ANDERSON, on February 17, 2012. Plaintiff appeared and was represented by Attorney William B. Pole. Defendant was present and represented by Attorney Ron Moroni. The Court ruled from the bench on all matters, bu reserved on the issue of character and disposition of the marital residence. Having reviewed the trial briefs of counsels, and further considering this matter, the Court issues the following Partial Findings of Fact and Conclusions of Law as to the marital residence and debts.

**FINDING OF FACT**

1.      The parties were married on June 30, 2007, on Guam.

2.      The marital residence was purchased on September 26, 2007, by Warranty Deed as joint tenants. *Def. Trial Exhibits D and E.*

3.      The parties signed a mortgage with the United States Department of Agriculture Rural Housing Service on September 27, 2007 for the sum of One Hundred Sixty Thousand One Hundred and Twenty-Eight Dollars ($160,128.00).*Plf. Trial Ex. 1.* The remaining balance on the USDA loan is approximately $153,907.43. *Def. Trial Ex. B.*

4.      There is a second mortgage executed by the parties with Guam Housing

Corporation with a current balance of approximately $37,876.18. *Def. Trial Ex. C.*

5.    The parties did not present at trial an appraised value for the marital residence.[1]

6.    Plaintiff took out a personal loan after separation for the purchase of a vehicle which Defendant personally guaranteed. *Plf. Trial Testimony.* This debt is not community property, and is not subject to this action.

7.    The total approximate community debt is $191,783.61.

8.    The Court denied dissolution of the marriage on the grounds of extreme physical cruelty. The parties were awarded a divorce on the basis of irreconcilable difference.

## CONCLUSIONS OF LAW

It is a rebuttable presumption on Guam that property acquired by either or both spouses during marriage is community property. 19 GCA §6105(a). The Guam Supreme Court has held, however, that "property held by spouses as co-tenants in joint tenancy is separate property" *Babauta v. Babauta* 2011 Guam 15; ¶26. 19 GCA §6101(a)(8). The issue of characterization is important as it relates to satisfaction of the outstanding community debt, which is primarily the remaining balance of the mortgage on the marital residence. Community debts must first be satisfied from community property and all property in which the spouses own an undivided equal interest as joint tenant, excluding the residence of the spouses unless such other property is insufficient, then from the residence. 19 GCA §6104(a).

Plaintiff argues that the marital residence should be characterized as community property despite the language of the joint tenancy because she had no knowledge that the property was taken under any other theory than community property. *Plf. Trial Brief.* In support of her

---

[1] The parties each attempted to present the Court with testimony of broker's price opinions, more commonly referred to as "drive-by opinions" on the value of a certain piece of property. The Court was reluctant to accept any testimony of a broker's price opinion as it would not give the Court a true market value of the residence.

argument she testified that they purchased the residence "as a married couple" and "it belonged to both of us." These statements do nothing to alter the provision that property held in co-tenancy as joint tenants is separate property. 19 GCA §6101(a)(8). Joint tenancy is not inconsistent with the concept of a husband and wife owning property during a marriage. The distinction is in the right of survivorship which is not affected by a subsequent divorce.

Whether or not the marital residence is community or separate does not affect the security interest that both mortgage companies have upon the residence. The remaining mortgages must be satisfied from the marital residence whether it is characterized as community or separate. Nonetheless, the Court agrees with Defendant that under *Babauta* the marital residence is separate property, but the remaining debts (mortgages) are community.

The only issue is whether the Court should order the parties to sale the marital residence to satisfy the remaining mortgages. Plaintiff wants the property sold in order to improve her credit. Defendant does not want to sale the property because he is currently living in the residence, and intends to have his children live there once he assumes primary residential custody this summer. Defendant also testified that USDA has granted the parties a two year moratorium, to 2013, to assist in the current national housing crisis. He also testified that all payments are up to date, and he would be able to refinance the residence if permitted.

The Court is permitted to dispose of community property by sale or partition. 19 GCA §8412. The Court is also permitted to use the separate property of the parties, to include the residence held in joint tenancy, to satisfy the community debt where there is insufficient funds from other community assets to satisfy the debt. There was no evidence that the marital residence cannot satisfy the mortgages, and in the absence of such evidence the Court must assume the mortgages are fully secured.

Plaintiff argues that *Babauta* stands for the proposition that the Court can order the sale of separate property under Section 6104(a). *Babauta* does not specifically address whether

separate property can be ordered sold under § 8412 because that was not an issue in front of the trial court. The Court will not read more into *Babauta* than is plainly stated by the Supreme Court. While §6104(a) permits disposition of separate property assets to satisfy community property debts, it does not *require* the property to be sold. The mortgages are either current or under a moratorium. The entire community debt is secured by the marital residence in the event of default, and Defendant has kept the payments current. Defendant intends to remain in the residence and to prepare it for his children when he assumes primary custodial care this summer. The Court does not find it necessary to order the marital residence sold in order to satisfy the community debts. The solution for Plaintiff's credit concern is as suggested by Defendant at trial; mutual agreement of the parties to refinance the community debt to relieve Plaintiff of her obligation and titled interest.

The Defendant is ORDERED to provide this Court with Final Findings of Fact and Conclusions of Law which incorporate the Court's rulings from the bench relative to grounds, custody and visitation on February 17, 2012, as well as an Interlocutory and Final Decree of Divorce nun pro tunc to February 17, 2012. ***Hearing on this matter presently set for April 25, 2012 at 2:00 p.m. is cancelled.***

**SO ORDERED.** **MAR 0 9 2012** 2012.

_____
HONORABLE ELIZABETH BARRETT-ANDERSON
Judge, Superior Court of Guam



Page 4 of 4